Kirkpatrick C. J.
This cause was tried at the Middle-sex circuit, in June last, and a verdict rendered for the plaintiff for 30 dollars. In September term there was a rule to shew cause why there should not be a new trial, because the verdict was contrary to evidence, and also because it was contrary to the charge of the court. And the case is now submitted without argument.
At the trial, the plaintiff, in support of his action, gave in evidence a lease from the defendant, for a house and lot of land, containing three acres, be the same more or less, situate at or near Rariton landing, in the township of Piscataway; and the only question was, whether this lease contained the lands upon which the trespass was committed.
*It appeared in evidence, that at the time of making the lease, John Letson, the defendant, was in possession of the house demised, and about seven acres of land; that the house and house-lot were situate on the north side of the road there, but that the principal part of the land lay on the south side thereof, in one body, and not separated by any fence. And under these indefinite words of the lease, describing the lot to consist of three acres, be the same more or less, the plaintiff claimed the whole seven acres. (b)
The defendant then called several witnesses, who testified that these seven acres now claimed by the plaintiff, under this lease, originally consisted of two lots; that these lots were purchased by the defendant, separately, at *521 different times and of different persons; that after they came into his hands, the one still continued to be the tavern-lot, and contained about three acres, and the other to bo called by the name of the person from whom it was purchased, and that there was still to be seen the remains of an old ditch, or a range of stumps, marking the line which originally separated them; that when the plaintiff was about to take this lease, this line was distinctly pointed out to him, and the lot to be included in the lease, containing, together with the house-lot, three acres, more or less, particularly shewn. And it was further testified, by the person who drew the lease, that the parties were present when instructions were given for the drawing of it; that they, or one of them, said they could not then give the lines exactly, but that it was not necessary to be particular in that respect, as Letson held under separate deeds which would always shew where the line intended was, and what the lease contained.
To all tills explanatory testimony the plaintiff objected, saying that the lease must speak for itself and could neither be enlarged nor restrained by parol proof; and upon the success of this objection he seemed to rely for his success in the cause ; for the facts thus proved by the plaintiff’ stood wholly uncontradicted.
It was perfectly clear, however, that the testimony was admissible upon the strictest rules ; (a) and even if it had been less so, I should have thought myself bound to admit it, because the very same cause of action had once before been tried before a justice, and brought up hereby certiorari upon this very question; the justice, on the trial before him, had rejected this testimony, and for that cause the judgment was reversed here.
*It was attempted by way of charge to the jury, to explain the ground upon which this testimony was admitted, and to shew the legitimate consequences of it in the determination of the cause. They, however, it seems, thought differently on both points, and found a verdict for the plaintiff And in doing so, 1 am satisfied they *522 have mistaken both the law and the fact, and that there-the verdict must be set aside and a new trial granted, jf party shall think proper to take a new trial.
New trial granted.

 See Miller vs. Chetwood, 1 Gr. Ch. 199. Couse vs. Boyles, 3 Gr. Ch. 212. Weart vs. Rose, 1 C. E. Gr. 290. Clark vs. Carpenter, 4 C. E. Gr. 328. National Co. vs. Bruner, 4 C. E, Gr. 331, McEowen vs. Lewis, 2 Dutch. 451.

 Nevius vs. Martin, 1 Vr. 468. Jackson vs. Perrine, 6 Vr. 144 Ackens vs. Winston, 7 C. E. Gr. 446. But see Cox vs. Bonnet, 1 Gr. 167. Leigh vs. Savidge, 1 McC. 125.